**\*\* E-filed October 14, 2010 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JANICE CHASTEN, personal representative for the estate of Brian Abernathy,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ERIC FRANKLIN, et al.,<br><br>　　　　Defendants.<br>_____/ | No. C10-80205 MISC JW (HRL)<br><br>**ORDER GRANTING DEFENDANT SHAUN HUBBARD'S MOTION TO QUASH**<br><br>**[Re: Docket No. 1]** |

## BACKGROUND

Brian Abernathy ("Abernathy"), an inmate at Oklahoma State Reformatory in Granite, Oklahoma, was killed by other inmates while in prison. Plaintiff Janice Chasten ("Chasten") is Abernathy's mother and, as personal representative of Abernathy's estate, is suing several individuals in federal court in the Western District of Oklahoma in relation to Abernathy's death. One of the defendants is Shaun Hubbard ("Hubbard"), a corrections officer at the prison.

Chasten deposed Hubbard in the course of prosecuting her action. In that deposition she learned that Hubbard uses a personal email account provided by Yahoo! Inc. ("Yahoo!"), apparently registered as "Rhage_blackdaggerbrotherhood@yahoo.com." Chasten then served a subpoena *duces tecum* on Yahoo!, which is located in this District, requesting "all e-mails sent from e-mail account 'Rhage_blackdaggerbrotherhood@yahoo.com' between March 1, 2008 and July 31, 2010." (Docket No. 1 ("Motion"), Ex. 1.)

1 Hubbard now moves to quash the subpoena and argues that it is an unwarranted invasion of his privacy and is in violation of the Stored Communications Act, 18 U.S.C. §§ 2701-2712 ("SCA").[1] (Motion.) Chasten does not oppose Hubbard's motion. (Docket No. 6.)

Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the October 19, 2010 hearing is vacated.

## LEGAL STANDARD

On motion, Federal Rule of Civil Procedure 45(c)(3)(A) requires the court to quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or that "subjects a person to undue burden." FED. R. CIV. P. 45(c)(3)(A)(iii) & (iv).

## DISCUSSION

A. <u>Whether Hubbard Has Standing to Move to Quash a Subpoena Directed to Non-Party Yahoo! Inc.</u>

As an initial matter, the Court must determine whether Hubbard has standing to move to quash a subpoena served upon a non-party. "Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 2459 (3d ed. 2008). *See also Crispin v. Christian Audigier, Inc.*, No. CV 09-09509 MMM (JEMx), 2010 WL 2293238, at *5 (C.D. Cal. May 26, 2010) (quoting Wright & Miller and providing additional citations). Several courts, though, have determined that an individual has standing to move to quash a subpoena seeking electronic personal information and communications protected by the SCA. *See Crispin*, 2010 WL 2293238, at *7 (plaintiff had standing because he had a personal right with regard to subscriber information and communications subpoenaed by defendants); *J.T. Shannon Lumber Co., Inc. v. Gilco Lumber, Inc.*, No. 2:07-CV-199, 2008 WL 3833216, at *1 (N.D. Miss. Aug. 14, 2008) ("[B]ecause the documents sought by the plaintiff are the personal documents and the details of the

---

[1] Hubbard's motion states that Chasten's subpoena violates the Electronic Communications Privacy Act ("ECPA") and does not mention the SCA, which was passed by Congress in 1986 as part of the ECPA. But because the SCA contains the statutes cited by Hubbard and at issue here, 18 U.S.C. §§ 2701-2703, this Court will refer only to the SCA.

2

1  email accounts of the defendant employees, the defendants have standing to seek to quash this
2  subpoena as they have a personal interest in the documents sought from the internet service
3  provider.").

4      This situation is similar to those in the cases cited above, and the same reasoning is equally
5  valid. Hubbard has a personal right with respect to the emails sent from his Yahoo! email account
6  and thus has standing to move to quash Chasten's subpoena.

    B.   <u>Whether Chasten's Subpoena to Yahoo! Must Be Quashed</u>

8      Hubbard argues that the SCA prohibits Yahoo! from disclosing the stored contents of
9  Hubbard's email in response to a civil subpoena. He is correct. Subject to certain specifically-
10  enumerated exceptions, the SCA essentially prohibits providers of electronic communication or
11  remote computing services to the public from knowingly divulging the contents of their customers'
12  electronic communications or the records relating to their customers. *See* 18 U.S.C. § 2702(a) &
13  (b). But as many courts have explained, civil subpoenas to a non-party, however, are not among
14  section 2702(b)'s "unambiguous exceptions." *In re Subpoena Duces Tecum to AOL, LLC*, 550
15  F.Supp.2d 606, 610, 611 (E.D. Va. 2008) ("Applying the clear and unambiguous language of [18
16  U.S.C.] § 2702 to this case, AOL, a corporation that provides electronic communication services to
17  the public, may not divulge the contents of the Rigsbys' electronic communications to State Farm
18  because the statutory language of the Privacy Act does not include an exception for the disclosure of
19  electronic communications pursuant to civil discovery subpoenas."); *see also Viacom Int'l Inc. v.*
20  *Youtube, Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) (holding that the SCA prohibits disclosure of
21  electronic communications pursuant to a civil subpoena because the SCA "contains no exception for
22  disclosure of such communications pursuant to civil discovery requests.").

23      Because no exception applies, compliance with the subpoena would be "an 'invasion . . . of
24  the specific interests that the [SCA] seeks to protect." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074
25  (9th Cir. 2004) (quoting *J.H. Desnick, M.D., Eye Servs., Ltd. v. ABC*, 44 F.3d 1345, 1352 (7th Cir.
26  1995), *cert. denied*, 543 U.S. 813 (2004)). Since Chasten's subpoena seeks all email sent from
27  Hubbard's Yahoo! e-mail account between March 1, 2008 and July 31, 2010 and thus requires the

impermissible disclosure of information, it must be quashed.[2]  FED. R. CIV. P. 45(c)(3)(A)(iii); *see also Hone v. Presidente U.S.A., Inc.*, No. C08-80071 MISC JF (HRL), 2008 U.S. Dist. LEXIS 55722 (N.D. Cal. July 21, 2008).

**IT IS SO ORDERED.**

Dated: October 14, 2010



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] Indeed, allowing Chasten to obtain Hubbard's emails through a civil discovery subpoena to Yahoo! would allow parties to "make an end-run around the [SCA's] protections through the use of a Rule 45 subpoena." *F.T.C. v. Netscape Comm. Corp.*, 196 F.R.D. 559, 561 (N.D. Cal. 2000).

4

**C10-80205 MISC JW (HRL) Notice will be electronically mailed to:**

**C10-80205 MISC JW (HRL) Please see General Order 45 Section IX C.2 and D; Notice has NOT been electronically mailed to:**

M. Daniel Weitman
Oklahoma Attorney General's Office
Litigation Section
313 N. E. 21st Street
Oklahoma City, OK 73105

Sherry A. Todd
Oklahoma Attorney General Office
Liitigation Section
313 N. E. 21st Street
Oklahoma, OK 73105

J. Spencer Bryan
The Paul Law Firm
9 East 4th Street, Suite 400
Tulsa, OK 74103-5118
(918) 584-2583

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**